IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKEY B. DELONEY,

    Plaintiff,                      No. 2:12-cv-1339 JAM CKD P

   vs.

S. HAVER, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On July 26, 2012, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). The court found that plaintiff may proceed on claims arising under the Eighth Amendment against defendants Renner and Boucher and claims arising under the First Amendment against defendants Hibbits, Shaver[1] and Rodriguez. Defendants' motion to dismiss is before the court.[2]

/////

---

[1] The person plaintiff identifies as S. Haver in his complaint has appeared in this action as defendant "Shaver."

[2] The court notes that plaintiff filed a sur-reply concerning plaintiff's motion to dismiss without seeking leave to do so. Since sur-replies concerning motions are generally not permitted, see Local Rule 230(1), plaintiff's sur-reply will not be considered.

1

I.  <u>Plaintiff's Claims</u>

In his first claim, plaintiff asserts that on or around July 17, 2011, while he was incarcerated at High Desert State Prison (HDSP), defendants Renner and Boucher transported plaintiff to an appointment with an eye doctor.  Plaintiff asserts that after Renner placed handcuffs on plaintiff, plaintiff complained that they were too tight.  Plaintiff told Renner that the handcuffs were cutting off blood circulation to plaintiff's wrists and were causing plain.  In response, Renner told plaintiff to "shut the fuck up."  Plaintiff asked a second time that the handcuffs be loosened, but plaintiff's request was again denied.  Plaintiff wore the handcuffs for eight hours (four hours on the way to the appointment, and four hours back from the appointment) which caused plaintiff extreme pain by cutting off blood circulation, cutting into plaintiff's skin and dislocating one of plaintiff's wrists.  Plaintiff was also denied use of a bathroom during transport resulting in plaintiff urinating on himself.  When plaintiff returned to High Desert with Renner and Boucher, he requested medical attention because he could not feel his hands and was bleeding.  Renner and Boucher did not provide plaintiff with medical attention and instead placed plaintiff in his cell.

In his second claim, plaintiff asserts that during April 2012, he had a petition for collateral review pending in the California Supreme Court and he was asked by that court to provide certain information.  Plaintiff requested prison officials permit plaintiff to review his legal property so that he could obtain the information requested by the California Supreme Court.  A correctional lieutenant ordered defendants Hibbits and Rodriguez, officers in charge of inmate property in plaintiff's housing unit, to provide plaintiff with access to his legal material.  Defendant Rodriguez did provide plaintiff with some material, but not the material he needed to submit to the California Supreme Court.  Plaintiff requested access to the material he needed, but his requests were ignored by defendants Hibbits and Rodriguez.  Plaintiff's California Supreme Court case was dismissed because he could not provide the documents requested.

/////

II. <u>Defendant Shaver</u>

As indicated above, the court previously found that plaintiff's complaint states a claim upon which plaintiff may proceed against defendant Shaver under the First Amendment. Pursuant to defendants' motion to dismiss, however, the court has reviewed plaintiff's complaint a second time and finds that plaintiff fails to state any valid claim against defendant Shaver as plaintiff fails to allege any specific facts with respect to Shaver. It appears that the court's order that plaintiff could proceed against defendant Shaver was the result of a drafting error. Accordingly, the court will recommend that defendant Shaver be dismissed.

II. <u>Motion To Dismiss</u>

Defendants argue plaintiff has failed to exhaust administrative remedies with respect to his claims. A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. <u>Id.</u> at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. <u>Id.</u>

The exhaustion requirement is rooted in the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). CDCR regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. <u>See</u> Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5.

Administrative remedies must be "properly" exhausted which means use of all steps put forward by the agency. <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006). Also, "proper

3

1   exhaustion demands compliance with an agency's deadlines and other critical procedural rules
2   because no adjudicative system can function effectively without imposing some orderly structure
3   on the course of its proceedings." Id. at 90-91.
4         Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt, 315
5   F.3d at 1119.
6         On July 19, 2011, plaintiff submitted a grievance in which he complained about,
7   among other things, the fact that handcuffs used during a trip to an eye doctor caused plaintiff
8   pain and that defendants Renner and Boucher accompanied plaintiff on the trip.  The grievance
9   was denied on August 25, 2011.  Mot. to Dismiss; Decl. of B. Cornelison, Ex. B at 1-2.
10        Plaintiff appealed to the second level on August 31, 2011 and the appeal was
11  denied on October 17, 2011. Id. at 3.  Plaintiff then appealed to the Director's Level on October
12  26, 2011.  On December 8, 2011, the appeal was rejected and "returned to the HDSP Appeals
13  Coordinator for further review and action."  Mot. to Dismiss, Decl. of J.D. Lozano at ¶ 12.  There
14  is no evidence as to what occurred when the appeal was returned to the second level.[3]
15        The court finds that defendants have failed to bear their burden of proving that
16  plaintiff failed to exhaust administrative remedies with respect to plaintiff's claim that
17  defendants Renner and Boucher violated plaintiff's Eighth Amendment rights by either applying
18  handcuffs to plaintiff that were too tight, or by failing to loosen the handcuffs.  It is not disputed
19  that plaintiff submitted his grievance regarding improper use of handcuffs to the Director's Level
20  and that it was received by the Director's Level.  Somebody at the Director's Level decided to
21  return the grievance to the second level.  It is not clear whether plaintiff was informed of this, or
22  /////

---

[3] A review of the evidence submitted by the parties reveals that the grievance filed by plaintiff on July 19, 2011 was actually processed as two grievances. See Mot. to Dismiss; Decl. of B. Cornelison ¶ 6.  Plaintiff's complaint about tight handcuffs was processed as grievance No. 11-1154 (although it was processed as 11-1184 at the Director's Level most likely as the result of a typographical error) and his complaint about defendant Renner and Boucher's improper use of cell phones was processed as grievance No. 11-1594.

that he had any further action to take to exhaust administrative remedies with respect to the claim described above after his grievance was returned to the second level.

With respect to plaintiff's First Amendment claim against defendants Hibbits and Rodriguez, defendants present evidence indicating that plaintiff never submitted a prisoner grievance to the Director's Level. Mot. to Dismiss, Decl. of J.D. Lozano at ¶¶ 13 & 14. In his opposition, plaintiff fails to explain why he did not submit a grievance to the Director's Level. Furthermore, he fails to present any argument in favor of the proposition that he did properly exhaust administrative remedies or why he was precluded from doing so. Accordingly, the court will recommend that plaintiff's remaining First Amendment claim be dismissed.

Defendants also argue that some of plaintiff's claims should be dismissed under Federal Rule of 12(b)(6) for failure to state a claim upon which relief can be granted. The court need not address this argument, however, because the court is recommending all of the claims that defendants request be dismissed under Rule 12(b)(6) be dismissed for failure to exhaust administrative remedies.[4]

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Shaver be dismissed from this action;

2. Defendants' March 14, 2013 motion to dismiss (Dkt. No. 36) be denied with respect to plaintiff's Eighth Amendment claim regarding improper use of handcuffs by defendants Renner and Boucher as they escorted plaintiff to and from an appointment with an eye doctor on July 19, 2011;

3. Defendants March 14, 2013 motion to dismiss be granted in all other respects resulting in the dismissal of defendants Hibbits and Rodriguez; and

/////

---

[4] Defendants have submitted a request for judicial notice related to their argument that plaintiff's remaining First Amendment claim should be dismissed for failure to state a claim. In light of the foregoing, the court need not rule on this request.

5

4. Defendant Renner and Boucher be ordered to file their answer within 14 days of adoption of the foregoing findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 11, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
delo1339.57